**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARIN BABAYAN, a.k.a. KAREN BABAYAN; TATEVIK MKHITARYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70246 <br><br> Agency Nos.  A077-994-540 <br> A077-994-536 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:       LEAVY, PAEZ, and BEA, Circuit Judges.

Karin Babayan and Tatevik Mkhitaryan, natives and citizens of Armenia,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's ("IJ") decision denying their application for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

evidence. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). We grant

the petition for review, and we remand.

Substantial evidence does not support the IJ's adverse credibility

determination based on the perceived inconsistencies between Babayan's

testimony and the airport interview statement or the credible fear worksheet in the

record. *See Singh v. INS*, 292 F.3d 1017, 1023-24 (9th Cir. 2002) (discussing

factors and circumstances that make an airport interview statement lack sufficient

reliability); *Singh v. Gonzales*, 403 F.3d 1081, 1087-90 (9th Cir. 2005) (discussing

nature of an asylum interview and concluding discrepancies between Assessment

To Refer and applicant's testimony did not support an adverse credibility

determination). Substantial evidence also does not support the IJ's adverse

credibility determination based on the identified omissions from Babayan's

testimony, or on the inconsistencies between Babayan's testimony and his asylum

application and the ambulatory record cards, because Babayan was not given an

opportunity to explain the perceived discrepancies. *See Tekle v. Mukasey*, 533

F.3d 1044, 1053 (9th Cir. 2008); *see also Akinmade v. INS*, 196 F.3d 951, 957 (9th

Cir. 1999) (IJ erroneously faulted petitioner for not providing further details,

"especially when [petitioner] was not given notice that he should provide such information, nor asked at the hearing to do so"). Further, substantial evidence does not support the IJ's finding that Babayan was evasive or unresponsive, *see Turcios v. INS*, 821 F.2d 1396, 1400 (9th Cir. 1987), or that his fear of returning is implausible because he no longer owns a business in Armenia, *see Ge v. Ashcroft*, 367 F.3d 1121, 1125-27 (9th Cir. 2004). Finally, because none of the IJ's adverse credibility findings are supported, Babayan was not required to provide corroboration. *See Joseph v. Holder*, 600 F.3d 1235, 1246 (9th Cir. 2010). Accordingly, we grant the petition with respect to petitioners' asylum, withholding of removal, and CAT claims, and we remand to the agency, on an open record, for further proceedings consistent with this disposition. *See Soto-Olarte*, 555 F.3d at 1095-96; *INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of the above conclusions, we do not reach petitioners' due process contention.

**PETITION FOR REVIEW GRANTED; REMANDED.**